**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MIGUEL A. MOLINA,

      Petitioner,

v.                            Case No:  8:15-cv-915-T-30AEP
                                         Crim. Case. No. 8:10-cr-407-T-30AEP

UNITED STATES OF AMERICA,

      Respondent.

_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner's pro se[1] Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed with the Court on April 17, 2014.  (CV Doc. 1).  Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court must undertake a preliminary review of the motion.  After carefully examining the motion, the Court concludes that several of Petitioner's grounds for relief should be dismissed as successive, but that the government should respond to the remainder of the grounds raised in the petition.

---

[1]Petitioner is cautioned that even though he is proceeding pro se, he is still required to comply with the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Cases.  Failure to do so could result in sanctions, up to and including dismissal of his claims.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office.  Petitioner must also provide a self-addressed envelope with sufficient postage affixed thereto.  The Local Rules measure 8 1/2" x 11" x 1/2".  A copy of the Local Rules may also be found in the institution's law library or on the Court's website at: http://www.flmd.uscourts.gov.

Petitioner filed a timely § 2255 petition on May 7, 2012, raising nine grounds for relief. (CR Doc. 66). The Court denied Grounds 3 through 9 of the petition, but scheduled an evidentiary hearing as to Grounds 1 and 2. (CR Doc. 71). Following the evidentiary hearing, the Court granted Ground 1 of the petition, permitting Petitioner to file an out-of-time appeal, and denied Ground 2. (CR Doc. 73). Petitioner subsequently filed a notice of appeal raising two issues: (1) the government failed to present sufficient evidence to rebut beyond a reasonable doubt his defense of entrapment; and (2) the court erred in setting his offense level as an armed career criminal at 34 under U.S.S.G. § 4B1.4(b)(3)(A) based on its conclusion that he possessed a gun in connection with a drug offense. (CR Doc. 74). The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences. (CR Doc. 82). Petitioner then petitioned the United States Supreme Court for a writ of certiorari, but the petition was denied. (CR Doc. 84).

Petitioner timely filed the current petition under § 2255 on April 17, 2015, raising six grounds for relief: (1) trial counsel was ineffective by failing to investigate, interview, and subpoena witnesses; (2) trial counsel was ineffective by failing to move to strike a juror who made a biased comment during voir dire and appellate counsel was ineffective for failing to raise this issue on direct appeal;[2] (3) appellate counsel was ineffective for failing

---

[2]Petitioner filed both a motion (CV Doc. 1) and a memorandum in support of his motion (CV Doc. 2). Only by considering the two documents simultaneously, can one discern the full nature of Petitioner's claims. For example, Petitioner's contention that appellate counsel was ineffective in failing to raise Ground 2 on appeal is contained only in the motion and not in the memorandum and Grounds 5 and 6 are not raised in the motion and are only raised in the memorandum. Construing Petitioner's claims liberally, the Court referred to both documents in discerning the full extent of Petitioner's claims.

2

to supplement the initial brief with the case of *Alleyne v. United States*, 133 S. Ct. 2151 (2013); (4) appellate counsel was ineffective in failing to raise an issue under *Descamps v. United States*, 133 S. Ct. 2276 (2013), regarding Petitioner's Armed Career Criminal Act designation; (5) trial counsel was ineffective in failing to acquire the assistance of an expert translator; and (6) trial counsel was ineffective in failing to raise an error at sentencing and appellate counsel was ineffective in failing to raise the sentencing error on direct appeal. (CV Docs. 1, 2).

Generally, under § 2255, a petitioner is permitted to file a single petition and is barred from filing a successive petition. *See Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011). If a petition is deemed successive, the petitioner must seek certification from the appropriate court of appeals that the petition contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h). However, "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart*, 646 F.3d at 859. "'[C]laims based on a *factual* predicate not previously discoverable are successive,' but '[i]f . . . the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.'" *Id.* at 863 (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 221, 222 (5th Cir. 2009)).

3

In his present petition, Petitioner raises several grounds that are barred by the prohibition on successive habeas petitions.  Namely, Grounds 1, 2, 5, and, 6, which allege claims for ineffective assistance of trial counsel, are based upon facts known to Petitioner at the time he filed his first § 2255 petition and are therefore barred as successive.  Grounds 2, 3, 4, and 6, however, also raise claims of ineffective assistance of appellate counsel.  Petitioner was permitted to file an appeal as a result of his original § 2255 petition.  Thus, any claims related to that appeal did not ripen until after the original § 2255 petition had been considered.  Because the basis for these claims did not arise until after Petitioner filed his original § 2255 petition, they are not barred as successive.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Grounds 1 and 5 of the petition (CV Docs. 1, 2) are **DISMISSED** as successive.

2.  Grounds 2 and 6 of the petition (CV Docs. 1, 2) are **DISMISSED** as successive to the extent they raise claims for ineffective assistance of trial counsel but can proceed to the extent they raise claims for ineffective assistance of appellate counsel.

3.  The Government shall show cause within **SIXTY (60) DAYS** from the date of this Order why the relief sought in Grounds 2, 3, 4, and 6 regarding Petitioner's claims of ineffective assistance of appellate counsel should not be granted.

4.  As part of the initial pleading required by paragraph three (3) of this Order, the Government shall also

      A.  state whether Petitioner has filed any prior post-conviction motions; and

    B.  procure transcripts and/or narrative summaries in accordance with Rule 5(c) of the Rules Governing Section 2255 Cases, if the transcripts and/or summaries are not on file.

5.  Henceforth, Petitioner shall mail one copy of every pleading, exhibit, and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to the Government attorney listed as counsel of record in this case. **Should Petitioner fail to include the required certificate of service, the Clerk of this Court is directed to reject the document for filing and return the document without action.**

6.  Petitioner shall advise the Court of any change of address. Failure to do so will result in the case being dismissed for failure to prosecute.

7.  Petitioner may have **THIRTY (30) DAYS** after the date the Government files its response to file a reply thereto.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of April, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record