**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MIGUEL A. MOLINA,

    Petitioner,

v.                                          Case No:  8:15-cv-915-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion Pursuant to Criminal Justice Act (Doc. 7), in which he requests that the Court provide him with copies of documents he alleges are related to his motion filed pursuant to 28 U.S.C. § 2255. Specifically, Petitioner requests copies of (1) the transcripts from the evidentiary hearing held on March 22, 2013, regarding Petitioner's first § 2255 motion, see *Molina v. United States*, No. 8:12-cv-1010-T-30AEP (M.D. Fla. Mar. 22, 2013), (2) the jury selection transcripts from his criminal proceeding, and (3) the transcripts from a change of plea hearing allegedly held on January 27, 2011.

    Regarding document requests, 28 U.S.C. § 2250, provides, in pertinent part:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Similarly, 28 U.S.C. § 753(f) governs requests for the preparation of transcripts not previously made part of the record and provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

However, the right to copies of documents or the preparation of transcripts in collateral proceedings is not a matter of right. Rather the petitioner must show a particularized need for the documents or transcripts. *See United States v. MacCollom*, 426 U.S. 317, 325-27 (1976). Accordingly, if Petitioner can demonstrate that he is indigent and that the requested documents and transcripts are necessary to the resolution of an issue he has presented in a non-frivolous, pending collateral proceeding, then he would be entitled to have those documents and transcripts furnished to him without charge. *See Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992).

As a preliminary matter, Petitioner has not been determined indigent and granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a). Petitioner has presented no evidence demonstrating his inability to pay for the costs of the documents and transcripts he requests. But even if Petitioner could establish his inability to pay, he would not be entitled to the documents because they are not necessary to decide the issues he presents in his § 2255 motion.

First, the change of plea hearing originally scheduled for January 27, 2011, was canceled and not rescheduled. Since no such hearing was held, no transcripts could be provided. Second, as to Petitioner's request for the transcripts from the evidentiary hearing, Petitioner has not demonstrated that the transcripts are necessary, or even related to, the grounds raised in his present motion.[1] Finally, even though the jury selection transcripts appear to be related to at least one of the grounds raised by Petitioner in his present motion, Petitioner has not articulated a particularized need for these transcripts.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion Pursuant to Criminal Justice Act (Doc. 7) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of July, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-915 (T) Molina v. USA. Doc. Request.docx

---

[1] In fact, based upon a comparison of the grounds presented in the present motion and the grounds at issue during the evidentiary hearing, the transcripts do not appear to have any relevance to the grounds currently at issue.

3