**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MIGUEL ANTHONY MOLINA,

    Petitioner,

v.

    CASE NO: 8:15-cv-915-T-30AEP
    Crim. Case No: 8:10-cr-407-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Miguel Anthony Molina's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1). The Court having reviewed the pleadings, arguments, and record, concludes that Molina's motion is due to be denied.

## BACKGROUND

Molina was charged and convicted following a jury trial of (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and (2) distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). (CR Docs. 1, 40). The Presentence Investigation Report ("PSR") identified Molina as an armed career criminal as defined under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and United States Sentencing Guideline § 4B1.4 because Molina violated § 922(g) and had three prior felony convictions for serious drug offenses, which included (1) a 1996 conviction for trafficking in cocaine, in violation of Florida Statute § 893.135(1)(b), (2) a

2000 conviction for possession of a controlled substance with intent to sell or deliver, in violation of Florida Statute § 893.13(1)(a), and (3) a 2000 conviction for possession of cocaine with intent to sell or deliver, in violation of Florida Statute § 893.13(1)(a). (PSR at 6, 18). As an armed career criminal pursuant to § 924(e) and as a defendant who possessed a firearm in connection with a controlled substance offense, U.S.S.G. § 4B1.4 prescribed an offense level of 34 and a criminal history category of VI. § 4B1.4(b)(3)(A), (c)(2). Accordingly, Molina's guideline range was 262 to 327 months' imprisonment. (PSR at 13, 18). Under the ACCA, the firearm charge also called for a minimum mandatory sentence of fifteen years. (PSR at 18).

At sentencing, Molina did not object to the PSR. (CR Doc. 56 at 4). Instead he requested a three-level downward variance. (CR Doc. 56). Without objection from the government, the Court granted Molina a two-level downward variance. (CR Doc. 56 at 11). After the variance, Molina's guideline range was 210 to 262 months' imprisonment. (CR Doc. 56 at 11). The Court sentenced Molina to 210 months' imprisonment on each count to run concurrently. (CR Doc. 56 at 12). Molina did not file a direct appeal.

Molina filed a § 2255 petition claiming, among other things, that he asked trial counsel to file a direct appeal and counsel failed to do so. (CR Doc. 66). The Court denied the other grounds of Molina's petition, but granted him an evidentiary hearing as to two grounds, including whether his trial counsel was ineffective by failing to file a notice of appeal. (CR Doc. 71). Following an evidentiary hearing, the Court denied Molina's petition as to the other ground, but granted Molina an out-of-time direct appeal and vacated and reentered the final judgment. (CR Doc. 73). Molina then appealed his conviction and

sentence challenging the sufficiency of the evidence rebutting beyond a reasonable doubt his entrapment defense and his armed career criminal enhancement. (CR Doc. 74). His sentence and conviction were affirmed on appeal. (CR Doc. 82). Molina filed a writ of certiorari to the United States Supreme Court which was denied. (CR Doc. 84).

On April 17, 2015, Molina filed the present § 2255 petition. (CV Doc. 1). The Court concluded that Grounds 1, 2, 5, and 6 should be dismissed as successive to the extent they raised claims for ineffective assistance of trial counsel. (CV Doc. 3). However, the Court permitted Grounds 2, 3, 4, and 6 to proceed to the extent they raised claims of ineffective assistance of appellate counsel.

## **DISCUSSION**

Ineffective-assistance-of-counsel claims are cognizable under § 2255. *Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (per curiam). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective-assistance-of-counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. *Strickland* requires proof of both deficient performance and consequent prejudice. *Id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998)

3

("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds." (internal quotation marks omitted)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Thus, Molina must demonstrate that appellate counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To meet this burden, Molina must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**GROUND 2: Whether appellate counsel was ineffective for failing to raise an issue on appeal regarding a biased prospective juror.**

In Ground 2, Molina contends that trial counsel did not move to strike a prospective juror, who, during jury selection, opined that she believed that only law enforcement officers should be permitted to carry guns. (CV Doc. 2 at 5). Molina asserts that this statement demonstrates that this potential juror was biased, and that appellate counsel was ineffective for failing to raise the issue regarding the allegedly biased juror on appeal.

During jury selection, Prospective Juror 8 stated, "I feel no other person other than an officer of the courts, the police, federal agents, should carry guns." (CR Doc. 86 at 31). Prospective Juror 19 also stated that she was "against private citizens owning weapons of

4

any sort," and that she felt "a little bit uncomfortable." Prospective Juror 19 was discharged at that time. (CR Doc. 86 at 38). Ultimately, Prospective Juror 8 was not empaneled as a juror at Molina's trial.[1] (CR Doc. 86 at 45, 47). Thus, Molina's claim that the biased juror should have been stricken is wholly without merit. Appellate counsel has no duty to raise a meritless argument on appeal. Appellate counsel was not deficient in this regard, and Ground 2 should be denied.

**GROUND 3: Whether appellate counsel was ineffective for failing to file supplemental briefing regarding the applicability of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).**

Next, Molina argues that appellate counsel was ineffective for failing to submit supplemental briefing on appeal based upon the Supreme Court's decision in *Alleyne v. United States*, which held that any fact that increases a mandatory minimum sentence "is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2155. Molina argues that pursuant to *Alleyne* his enhancement as an armed career criminal under § 924(e) was unconstitutional because the jury did not find beyond a reasonable doubt that he committed the predicate offenses under the ACCA. (CV Doc. 2 at 7-8).

Appellate counsel was not ineffective in failing to file supplemental briefing regarding the applicability of *Alleyne* because *Alleyne* does not stand for the proposition that prior convictions must be found by a jury for a defendant's sentence to be enhanced under § 924(e). In *Almendarez-Torres v. United States*, the Supreme Court held that a prior

---

[1] In his reply, Molina avers that the prospective juror who made the comment was empaneled in his case. (CV Doc. 11 at 9). Molina's assertion is directly refuted by the jury selection transcript; his assertion is therefore unpersuasive.

conviction was not an element of a crime that must be found by a jury. 523 U.S. 224 (1998). *Alleyne* did not disturb *Almendarez-Torres*'s holding. *See Alleyne*, 133 S. Ct. at 2160 n.1 ("In *Almendarez-Torres v. United States*, . . . we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today."); *see also Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1286 (11th Cir. 2014) ("[T]he *Alleyne* Court took pains to point out that its holding did not upset its previous ruling in *Almendarez-Torres v. United States*, which held that the fact of a prior conviction is not an 'element' that must be found by a jury."). More recently, in *United States v. Porter*, 609 F. App'x 1008, 1010 (11th Cir. 2015), the Eleventh Circuit explicitly held "that it is constitutionally permissible for a district judge to enhance a defendant's sentence and impose a mandatory-minimum sentence, based on prior convictions that were not found by the jury." *See also United States v. Smith*, 775 F.3d 1262, 1266 (11th Cir. 2014) (concluding that "*Alleyne* did not overrule *Almendarez-Torres*, and the Fifth and Sixth Amendments do not limit the use of [the defendant's] prior convictions").

*Almendarez-Torres* remains binding precedent. Accordingly, it was not unconstitutional to enhance Molina's sentence pursuant to § 924(e) without a finding of fact from the jury that Molina committed the ACCA-predicate offenses. If appellate counsel had filed supplemental briefing challenging Molina's sentence on the basis of *Alleyne*, such challenge would not have been successful. Appellate counsel's performance was not deficient. Therefore, Ground 3 should be denied.

**GROUND 4: Whether appellate counsel was ineffective for failing to challenge Molina's sentence on appeal based on *Descamps v. United States*, 133 S. Ct. 2276 (2013).**

In Ground 4, Molina asserts that appellate counsel was ineffective for failing to challenge his sentence under the Supreme Court's decision in *Descamps v. United States*. (CV Doc. 2 at 8-11). Essentially, Molina asserts that, pursuant to *Descamps*, his two convictions for serious drug offenses under Florida Statutes § 893.13(1)(a) do not qualify as ACCA-prerequisite offenses. Molina alleges that the federal drug-trafficking statute, 21 U.S.C. § 841(a)(1), includes as an element of the offense that the defendant knew of the illicit nature of the substance, while § 893.13(1)(a) does not. Thus, according to Molina, the acts criminalized by § 893.13(1)(a) are not encompassed by § 841(a)(1) and do not qualify as ACCA-prerequisite offenses.

The ACCA prescribes a mandatory minimum sentence of fifteen years for a person who violates § 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense." § 924(e)(1). In *Descamps*, the Supreme Court emphasized that where a defendant's prior convictions originate from an "indivisible statute"—one not containing alternative elements—the "formal categorical approach" applies to determine whether the prior offenses qualify as ACCA-prerequisite offenses. 133 S. Ct. at 2283. In particular, "[s]entencing courts may 'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions." *Id.* (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). If the relevant statute has the same elements as, or is narrower than, the "generic" ACCA crime, then the prior conviction qualifies as an ACCA-prerequisite offense. *Id.* "But if the statute

7

sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Id.*

In Molina's situation, the formal categorical approach applies because the previous convictions used to enhance his sentence under the ACCA came from violating an indivisible statute: Florida Statute § 893.13. Under § 893.13(1), "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." "A violation of § 893.13(1)(a) involving cocaine is a second-degree felony, punishable by up to 15 years of imprisonment." *United States v. Samuel*, 580 F. App'x. 836, 842 (11th Cir. 2014) (citing Fla. Stat. § 893.13(1)(a)(1) (cross-referencing Fla. Stat. §§ 775.082(3)(c), 893.03(2)(a)(4))).

The generic crime with which the elements of section § 893.13(1)(a) must be compared is the "serious drug offense" defined in the ACCA—not § 841(a)(1). *See id.* at 841-42 (analyzing whether Florida offense qualified as an ACCA prerequisite by comparing elements of the Florida offense with the elements of the offense listed in the ACCA). A "serious drug offense" is defined, in relevant part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(II)(A)(ii).

In *United States v. Samuel*, the Eleventh Circuit applied the formal categorical approach to determine whether a conviction under § 893.13(1)(a) qualifies as a "serious drug offense" under the ACCA and concluded that it does. *Id.* at 842. As Molina points

out, the current version of § 893.13(1)(a) does not require knowledge of the illicit nature of the controlled substance. *Id.* But "[t]he definition of 'serious drug offense' in § 924(e) does not require knowledge of the illicit nature of the controlled substance to have been an element of a prior state crime." *Id.* Thus, a violation of § 893.13(1)(a) satisfies the requirements of the ACCA. *Id*; *see also United States v. Johnson*, 570 F. App'x 852, 856-57 (11th Cir. 2014) (holding that defendant's prior conviction under § 893.13(1)(a)(1) qualified as a "serious drug offense" under the ACCA). Thus, *Descamps* is not applicable to Molina's ACCA-prerequisite offenses, and any challenge to his sentence on appeal based on *Descamps* would have failed. Appellate counsel was not ineffective in failing to raise a meritless argument.

Even if the Court accepts Molina's argument that any offenses under the current version of § 893.13(1)(a) do not qualify as ACCA-prerequisite offenses because § 893.13(1)(a) lacks a mens rea requirement equivalent to § 841(a)(1), Molina fails to recognize that both of his convictions under § 893.13 occurred prior to 2002 when a mens rea element was still required under Florida law (Florida amended § 893.13 in 2002 removing the knowledge element). *See Samuel*, 580 F. App'x at 842 (noting that prior to 2002, "Florida courts interpreted § 893.13 as including a requirement that the defendant knew of the illicit nature of the drugs in his possession"). In other words, even if *Descamps* were applicable, Molina would not be entitled to relief because his convictions under § 893.13(1)(a) had the same elements, including knowledge, as 21 U.S.C. § 841(a)(1).

Because this argument would not have been successful on appeal, appellate counsel was not deficient in failing to raise a meritless challenge under *Descamps*.[2]

**GROUND 6: Whether appellate counsel was ineffective for failing to challenge Molina's sentence on the heroin charge because the sentence did not reflect the two-level downward variance granted by the Court.**

In Ground 6, Molina asserts that appellate counsel should have argued on appeal that his 210-month sentence on the heroin charge was erroneous because it did not reflect the two-level downward variance granted by the Court. (CV Doc. 2 at 14-15). Molina argues that if the Court had properly calculated his sentence on the heroin charge, he would have been entitled to an offense level of 27 and a criminal history category of VI, resulting in a guidelines range of 130 to 162 months' imprisonment. Molina's argument is without merit.

Pursuant to United States Sentencing Guideline § 3D1.2(c), Molina's counts were grouped together for the purposes of the guideline calculations, meaning that the applicable offense level for calculating Molina's guideline range on *both* counts was the highest offense level for the counts in the group. *See* U.S.S.G. § 3D1.3(a). The firearm charge carried a higher base offense level and therefore Molina's initial base offense level for the purposes of calculating his guideline range for both charges was 24. (PSR at 5). Because Molina was classified as an armed career criminal under § 4B1.4 and he possessed a firearm in connection with a controlled substance offense, his base offense level was increased to

---

[2]Molina also relies on *Donawa v. United States Attorney General*, 735 F.3d 1275 (11th Cir. 2013), in support of this ground. (Doc. 2 at 11). But his reliance on *Donawa* is misplaced. In *Donawa*, the Eleventh Circuit considered whether an alien's conviction under § 893.13(1)(a) qualified as an "aggravated felony" under the Immigration and Nationality Act, which defines the term to include drug trafficking offenses listed in 18 U.S.C. § 924(c)(2). *Donawa*, 735 F.3d 1280. *Donawa* is clearly not applicable to Molina's assertion that § 893.13(1)(a) is not a serious drug offense.

10

34. (PSR at 6). At a base offense level of 34 and criminal history category of VI, Molina's guideline range for *both* counts was 262 to 327 months' imprisonment. (PSR at 13, 18). Additionally, Molina faced a mandatory minimum sentence on the firearm charge of fifteen years (180 months). (PSR at 18). During sentencing, the Court granted Molina a two-level variance, reducing his base offense level on *both* counts to 32. The variance resulted in a guidelines range of 210 to 262 months. Molina was ultimately sentenced to 210 months' imprisonment on both counts with the sentences to run concurrently.

Molina's contention that the Court did not apply the two-level variance to the guidelines calculation for the heroin charge is without merit. Molina misses the fact that his counts were grouped to determine his guideline range, resulting in a single guideline range applicable to both counts. This argument would have failed on appeal. Appellate counsel is not ineffective for failing to raise a meritless argument on appeal, and, moreover, Molina was not prejudiced by appellate counsel's failure to raise this argument because it would not have changed the outcome of his appeal. Ground 6 should be denied.

## CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Miguel Anthony Molina's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DENIED.

2. The Clerk is to enter judgment for Respondent United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Doc. 85 in the underlying criminal case, case number 8:10-cr-407-T-30AEP.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
### IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Molina is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Molina "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Molina has not made the requisite showing in these circumstances.

Finally, because Molina is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 14th day of October, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-915 (T) Molina v. USA.docx