UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL A. MOLINA,

    Petitioner,

v.                                                Case No: 8:15-cv-915-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**

THIS CAUSE comes before the Court on Petitioner's Motion Pursuant to Criminal Justice Act 28 U.S.C. Section 3006A (Doc. 23), which the Court construes as a motion for copies. In the Motion, Petitioner requests copies of the jury selection transcripts, which he argues are related to ground 2 of his section 2255 Motion. The Court concludes Petitioner is not entitled to free copies of the transcript because he has not shown he is indigent.

Regarding document requests, 28 U.S.C. § 2250, provides, in pertinent part:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application *in forma pauperis*, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Similarly, 28 U.S.C. § 753(f) governs requests for the preparation of transcripts not previously made part of the record and provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal *in forma pauperis*, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section

> 2255 of this title to persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal

Accordingly, if Petitioner can demonstrate that he is indigent and that the requested documents and transcripts are necessary to the resolution of an issue he has presented in a non-frivolous, pending collateral proceeding, then he would be entitled to have those documents and transcripts furnished to him without charge. *See Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992).

Petitioner's Motion should be denied because Petitioner has not been determined indigent and granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a). Petitioner has presented no evidence demonstrating his inability to pay for the costs of the transcripts he requests. In fact, the Eleventh Circuit denied Petitioner's motion to appeal *in forma pauperis* on appeal, and Petitioner was able to pay the filing fee, indicating he may not be indigent. So the Court concludes Petitioner has failed to demonstrate that he is indigent and, thus, entitled to free copies of the transcripts he desires.

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's Motion Pursuant to Criminal Justice Act 28 U.S.C. Section 3006A (Doc. 23) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of June, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record